IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KEVIN HOCKENBERRY and : | |
| JUDY HOCKENBERRY, : | |
| Plaintiffs, : | |
| : | No. 4:04-CV-1062 |
| v. : | |
| : | (Judge McClure) |
| DIVERSIFIED VENTURES, INC., : | |
| d/b/a FORWARD FINANCIAL : | |
| COMPANY, et al., : | |
| Defendants. : | |

**M E M O R A N D U M**

June 20, 2005

**BACKGROUND:**

Plaintiffs Kevin and Judy Hockenberry, husband and wife, initiated this civil action by filing a praecipe for a writ of summons with the Court of Common Pleas for Centre County on December 1, 2003. Plaintiffs subsequently alleged in their eight-count complaint that the above-named defendants colluded to overcharge plaintiffs for certain services and fees in connection with plaintiffs' purchase of real property and a mobile home on or about December 1, 1997. Plaintiffs allege two violations of the Racketeering Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. (Counts I & II), a violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201 et seq.

-1-

(Count III), an agency liability claim against Diversified Ventures, Inc. based on the allegedly fraudulent acts of its agent, Gene J. De Feudis (Count IV), a common law fraud claim (Count V), a breach of fiduciary duty claim against G&M Land Development, Inc. and MDM Group (Count VI), a civil conspiracy claim (Count VII), and a claim for punitive damages (Count VIII).

The action was removed to this court on or about May 12, 2004. Subsequently, numerous defendants filed motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). By Memorandum & Order dated November 17, 2004, the court dismissed all of plaintiffs' claims as to certain defendants and directed plaintiffs to file an amended complaint.

Following the filing of plaintiffs' amended complaint on December 17, 2004, various defendants filed a total of three motions to dismiss plaintiffs' amended complaint pursuant to Rule 12(b)(6). Moving defendants all argue that plaintiffs' claims are barred by the applicable statutes of limitations or are not pled with sufficient particularity.

Now, for the following reasons, the court will grant the motions in part and deny them in part.

**DISCUSSION:**

**I. Standard of Review**

The court will only dismiss claims pursuant to Rule 12(b)(6) if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001). A claim will survive a motion to dismiss if plaintiffs allege sufficient facts to put defendants on notice of the essential elements supporting the claim. Langford v. City of Atlantic City, 235 F.3d 845, 847 (3d Cir. 2000).

When reviewing a Rule 12(b)(6) motion, the court must accept as true all factual allegations of the complaint and draw all reasonable inferences in the light most favorable to plaintiffs. Morganroth & Morganroth v. Norris, McLaughlin, & Marcus, P.C., 331 F.3d 406, 411 (3d Cir. 2003). The court, however, need not "credit bald assertions or legal conclusions improperly alleged in the complaint." In Re Rockefeller Ctr. Props., Inc. Sec. Litig., 311 F.3d 198, 216 (3d Cir. 2002). Defendants bear the ultimate burden of demonstrating that no relief could be granted. Gould Elecs., Inc. v. United States, 220 F.3d 169, 178 (3d Cir. 2000).

**II. Brief Statement of Relevant Facts**

We briefly reiterate the concise material facts of this case:

-3-

Sometime in 1997, plaintiffs sought to purchase real property and a mobile home in Centre County, Pennsylvania. Plaintiffs and the sellers, the latter of whom are not parties to this action, agreed on a purchase price of $25,000.

Plaintiffs applied to defendant Mobile Masters Financial for a purchase-money mortgage loan. Allegedly, at settlement, numerous additional and heretofore undisclosed fees appeared on the HUD-1 settlement sheet, including additional fees to be paid to Robert M. Melhorn, appraiser, attorneys' fees to Goodge, Makoul & Cohen, a conveyancing fee to Miller & Miller, and title insurance fees to Parkway Abstract. Ultimately, plaintiffs borrowed about $38,521.40, with the sales price listed as $41,000 instead of $25,000.

Following settlement, plaintiffs allegedly learned that numerous defendants operated under fictitious names and through layered entities. Plaintiffs also allegedly learned that various defendants colluded to defraud buyers like plaintiffs by overcharging for services and fees associated with real estate transactions.

### III. Defendants' Motions

Defendants attack plaintiffs' claims on the grounds that they are untimely, not pled with sufficient particularity, or are otherwise not cognizable. We address each claim or set of claims separately.

**A. Federal RICO Claims**

As we stated in our earlier memorandum and order, RICO claims are subject to a four-year statute of limitations. Agency Holding Corp. v. Malley-Duff & Assoc., Inc., 483 U.S. 143, 156 (1987). In this circuit, the statute of limitations begins to run from when plaintiffs knew or should have known of their injury and when plaintiffs knew or should have known the source of that injury. Forbes v. Eagleson, 228 F.3d 471, 485 (3d Cir. 2000); accord Prudential Ins. Co. v. U.S. Gypsum Co., 359 F.3d 226, 233 (3d Cir. 2004).

Plaintiffs plainly knew or should have known of their injury and source of that injury when they signed the HUD-1 form on December 1, 1997. That form listed all of the amounts to be paid, and to whom. If any improper amounts were being paid to certain parties, plaintiffs would know, or should have known, simply be looking at and signing the form. Plaintiffs apparently conceded this point, as they did in opposing the motions to dismiss their original complaint, insofar as they only argue that the statute of limitations should be equitably tolled.

Equitable tolling of the statute of limitations may be appropriate if plaintiffs adequately allege that: (1) defendants engaged in affirmative acts of concealment designed to mislead the plaintiffs regarding facts supporting their claims; (2) plaintiffs exercised reasonable diligence to uncover facts supporting their claims;

and (3) plaintiffs were not aware, nor should they have been aware, of facts supporting their claim until a time within the limitations period measured backwards from the filing of their complaint.  See Forbes, 228 F.3d at 486-87; accord Prudential Ins., 359 F.3d at 237-38.  Allegations of fraudulent concealment must be pled with sufficient particularity.  See Fed. R. Civ. P. 9(b); Byrnes v. DeBolt Transfer, Inc., 741 F.2d 620, 626 (3d Cir.1984).

    Assuming, *arguendo*, that defendants actively misled plaintiffs regarding the facts supporting their claims and that plaintiffs used reasonable diligence to investigate their claim, the first and third elements, plaintiffs still fail to allege any facts regarding the third element.  With respect to the third element, plaintiffs were aware, or should have been aware, of the facts supporting their claim by June of 1999 at the latest.  Plaintiffs learned something was amiss with their mortgage when they attempted to refinance in or about May of 1999.  (See Am. Compl., Rec. Doc. No. 36, at ¶78.)  They filed a consumer complaint against one defendant, G & M, with the Attorney General's Office shortly thereafter.  (Id. at ¶79.)  G &M responded to the complaint by letter dated June 1, 1999.  (Id. at ¶81.)

    So, if plaintiffs somehow never knew of their injury and source of their injury after making mortgage payments for one and one-half years, they knew of their injury and source of their injury by May or, at the latest, June of 1999.  In which

case, the four-year statute of limitations ran until June of 2003, six months before plaintiffs filed their praecipe for a writ of summons on December 1, 2003. Thus, plaintiffs' RICO claim are time-barred.

**B. State Law Claims**

Plaintiffs also allege a number of state law claims. We will continue to exercise jurisdiction over these claims, see 28 U.S.C. § 1367(c), because the court's familiarity with the case will speed resolution of this matter and will conserve judicial resources.

**1. Violation of the Pennsylvania Unfair Trade Practices Law (Count III)**

A claim brought under Pennsylvania's Unfair Trade Practices and Consumer Protection Law (UTPCPL), 73 P.S. § 201 et seq., is subject to a six-year statute of limitations. See Santana Products, Inc. v. Bobrick Washroom Equip., Inc., 401 F.3d 123, 138-39 (3d Cir. 2005); In re Cabbagestalk, 272 B.R. 865, 866 (W.D. Pa. 2002). Even using December 1, 1997 as the date the limitations period began to run, the action was timely filed as to this claim on December 1, 2003.

The UTPCPL prohibits the use of "unfair methods of competition" and unfair or deceptive acts or practices" involved in a transaction between the parties that constitutes "trade or commerce." See 73 P.S. § 201-3. A wide range of

activities constitute "unfair or deceptive acts or practices." See 73 P.S. § 201-2(4)(i)-(xxi). Plaintiffs do not plead which subsections they bring suit under; in their brief they argue that their complaint establishes that defendants violated the UTPCPL by advertising goods or services with intent not to sell them as advertised, see 73 P.S. § 201-2(4)(ix), by making solicitations for sales of services without expressly stating the nature of the services, see 73 P.S. § 201-2(4)(xvii), and by "engaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or misunderstanding," see 73 P.S. § 201-2(4)(xxi).

The exact elements of UTPCPL claims based on the above subsections are still unclear. It is sometimes stated that the common law elements of fraud must be pled to establish a violation of UTPCPL based on subsection (xxi). See, e.g., Piper v. American Nat'l Life Ins. Co., 228 F. Supp. 2d 553, 560 (M.D. Pa. 2002). A liberal reading of other authority suggests something less than all the elements of fraud, such as scienter, is necessary for UTPCPL claims based on other subsections, or even on "deceptive acts" under subsection (xxi) instead of "fraud." See Santana Products, 401 F.3d at 136-37. Regardless of which subsection plaintiffs bring their suit under, however, they must allege that they justifiably relied on defendants' wrongful conduct or representation and that they suffered harm as a result. Yocca v. Pittsburgh Sports, Inc., 854 A.2d 425, 438 (Pa. 2004).

We do not explore the precise contours of plaintiffs' UTPCPL claim because the allegations of their complaint, if true, sufficiently state a UTPCPL claim with enough particularity to put defendants on notice of the operative events underlying this claim. A liberal reading of plaintiffs' complaint reveals that, allegedly, plaintiffs justifiably relied on the misstatements and/or deceptive acts of defendants and they suffered harm as a result. This adequately states a claim under the UTPCPL. Cf. Tran v. Metropolitan Life Ins. Co., – F.3d –, 2005 WL 1229696 (3d Cir. May 25, 2005) (remanding UTPCPL claims where insurance agent misled plaintiff as to terms of life insurance policy, who justifiably relied on agent's representations).

**2. Common Law Fraud (Count V)**

Pennsylvania has a two-year statute of limitations for common law fraud claims. See 42 Pa. C.S.A. § 5524(7). The statute of limitations begins to run from the moment the right to bring an action arises, regardless of lack of knowledge, mistake, or misunderstanding. See Calle v. York Hosp., 232 F. Supp. 2d 353, 359-60 (M.D. Pa. 2002); Fine v. Checcio, 870 A.2d 850, 857 (Pa. 2005). The statute of limitations may be tolled under either the discovery rule or the doctrine of fraudulent concealment. Under the discovery rule, the statute of limitations "does

not begin to run until the injured party discovers or reasonably should discover that he has been injured and that his injury has been caused by another party's conduct." <u>Fine v. Checcio</u>, 870 A.2d at 859. The doctrine of fraudulent concealment, "provides that the defendant may not invoke the statute of limitations, if through fraud or concealment, he causes the plaintiff to relax his vigilance or deviate from his right of inquiry into the facts." <u>Fine</u>, 870 A.2d at 860. Similar to the discovery rule, "[a] statute of limitations that is tolled by virtue of fraudulent concealment begins to run when the injured party knows or reasonably should know of his injury and its cause." <u>Id.</u> at 861.

Plaintiffs base their common law fraud claim on the same occurrences as their RICO claims. As discussed in the context of the RICO claims, plaintiffs knew or should have known their injury and source of their injury by June of 1999, at the latest. Thus, even if the two-year statute of limitations was tolled under either the discovery rule or the doctrine of fraudulent concealment, the limitations period ended June of 2001, some two and one-half years before plaintiffs filed their praecipe for a writ of summons on December 1, 2003. Plaintiffs' common law fraud claim, therefore, is time-barred.

### **3. Agency Liability for Fraudulent Representations (Count IV)**

An agency liability claim based on fraudulent misrepresentation is governed

by the two-year statute of limitations for fraud claims.  See 42 Pa. C.S.A.

§ 5524(7); Powell v. First Republic Bank, 274 F. Supp. 2d 660, 677 (E.D. Pa.

2003).  Accordingly, this claim is time-barred for the same reasons as plaintiffs'

common law fraud claim.

### 4. Breach of Fiduciary Duty (Count VI)

The two-year statute of limitations governs  breach of fiduciary duty claims

as well.  See In re Mushroom Transp. Co., Inc., 382 F.3d 325, 336 (3d Cir. 2004).

Consequently, this claim is time-barred for the same reasons as plaintiffs' common

law fraud claim.

### 5. Civil Conspiracy (Count VII)

The two-year statute of limitations governs civil conspiracy claims.  See

Calihan v. A.E.V., Inc., 182 F.3d 237, 246 n.7 (3d Cir. 1999).  Consequently, this

claim is time-barred for the same reasons as plaintiffs' common law fraud claim.

### 6. Punitive Damages (Count VIII)

Typically, a claim for punitive damages is derivative of a tort claim, not

available in contract.  See Haugh v. Allstate Ins. Co., 322 F.3d 227, 235 (3d Cir.

2003).  The UTPCPL, the basis for the only remaining claim, permits recovery of treble damages in some circumstances, see 73 P.S. § 201-9.2(a), but such damages are not the equivalent of punitive damages.  See Samuel-Bassett v. KIA Motors America, Inc., 357 F.3d 392, 401-02 (3d Cir. 2004).  Consequently, we will dismiss plaintiffs' punitive damages claim without prejudice to their ability to recover under the UTPCPL's treble damages provision, if applicable.

## CONCLUSION:

All counts will be dismissed except the UTPCPL claim.  An appropriate order follows.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

KEVIN HOCKENBERRY and :
JUDY HOCKENBERRY, :
       Plaintiffs, :
:   No. 4:04-CV-1062
       v. :
:   (Judge McClure)
DIVERSIFIED VENTURES, INC., :
d/b/a FORWARD FINANCIAL :
COMPANY, et al., :
       Defendants. :

## **O R D E R**

June 20, 2005

For the reasons set forth in the accompanying memorandum,

**IT IS ORDERED THAT:**

    1.    Defendants' motions to dismiss (Rec. Doc. Nos. 41, 42, & 49), are granted in part and denied in part.

    2.    All counts of the amended complaint are dismissed as time-barred except count III (alleged violation of the Pennsylvania Unfair Trade Practices and Consumer Protection Law (UTPCPL)).

                          s/ James F. McClure, Jr.
                          James F. McClure, Jr.
                          United States District Judge